UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-22099-BLOOM

ERIK FRANCISCO LEAL HERNANDEZ,

 Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER, *et al.*,

 Respondents.
_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon *pro se* Petitioner Erik Francisco Leal Hernandez's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), arguing he has been unlawfully detained in Immigration and Customs Enforcement ("ICE") custody. ECF No. [1]. The Court ordered a response from the Respondents, Warden at the Krome Service Processing Center and U.S. Immigration and Customs Enforcement ("ICE") (together, "Respondents"). *See* ECF No. [5]. The Respondents timely filed their Response. ECF No. [7]. The Court has considered the Petition, the Response, the record in the case, and is fully advised. For the reasons set forth below, the Petition is granted in part.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Nicaragua. ECF No. [7-2] at 2. Petitioner entered the United States in 2022 near El Paso, Texas. ECF No. [7-1] at 4. On that date, a Customs and Border Patrol ("CBP") Agent paroled Petitioner pursuant to Immigration and Nationality Act ("INA") § 212(d)(5). *Id*. On May 7, 2024, CBP issued Petitioner a Notice to Appear ("NTA"), charging

him inadmissible pursuant to INA § 212(a)(6)(A)(i) as amended, as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General, and § 212(a)(7)(A)(i)(I), as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa reentry permit, border crossing card, or other valid entry document required by the INA, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act. ECF No. [7-2] at 5. On November 6, 2025, ICE Enforcement and Removal Operations ("ERO") detained Petitioner following an ICE check-in appointment in Miami, Florida. ECF No. [7-3] ¶ 14. On January 14, 2026, an immigration judge informed Petitioner that the Immigration Court lacks jurisdiction to grant him a bond. *Id*. ¶ 16.

On March 27, 2026, Petitioner filed this Petition, challenging his immigration detention and arguing that his detention without a bond hearing violates his constitutional due process rights. ECF No. [1] ¶ 13. Petitioner seeks immediate release from custody or a bond hearing before an immigration judge. *Id*. ¶ 15. Respondents respond that this Court lacks jurisdiction, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and Petitioner fails to allege that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). ECF No. [7] at 2. The matter is ripe for review.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See*

28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

### A.  Jurisdiction

Respondents argue the Court lacks jurisdiction to decide the Petition. ECF No. [7] at 4-9. Respondents assert 8 U.S.C. § 1252(g) divests the Court of jurisdiction to review decisions "arising from" the decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien." *Id.* at 5 (citing 8 U.S.C. § 1252(g)). Respondents claim Petitioner is essentially challenging the decision to commence removal proceedings and detain Petitioner pending such proceedings, which is expressly prohibited by § 1252(g). *Id.* Respondents further argue this Court lacks jurisdiction because § 1252(a)(5) and § 1252(b)(9), in combination, establish that a petition for review before the appropriate court of appeals is the only proper means to challenge removal-related actions. *Id.* at 6-7.

While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has curtailed district court's subject matter jurisdiction over certain immigration actions. Section 1252 strips district court review of certain factual or legal issues concerning specific discretionary decisions related to immigration removal proceedings. Section 1252 has also consolidated review of certain immigration actions in the court of appeals. Relevant here, § 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal orders. *See Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at \*4 (S.D. Fla. Aug. 8, 2025) (citing 8 U.S.C. § 1252(g)). While § 1252(g) "bars courts from reviewing certain exercises of

discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).

Section 1252(a)(5) provides that a petition for review filed with a court of appeals is the "sole and exclusive means for judicial review of an order of removal entered or issued." 8 U.S.C. § 1252(a)(5). Additionally, § 1252(b)(9), prohibits judicial review of an order or questions of law or fact unless provided elsewhere in § 1252. 8 U.S.C. § 1252(b)(9). Known as the "zipper clause," § 1252(b)(9) intends to "consolidate judicial review of immigration proceedings into one action in the court of appeals." *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 230 (2020) (internal quotation and citation omitted). The Eleventh Circuit is clear that § 1252(a)(5) and § 1252(b)(9) do not apply unless the petitioner is seeking review of an order of removal. *See Madu v. U.S. Att'y Gen.*, 470 F.3d 1362, 1366-67 (11th Cir. 2006) (finding that § 1252(a)(5) did not grant the court of appeals exclusive jurisdiction to hear petitioner's habeas petition when petitioner was contesting the *existence* of a removal order and noting that "8 U.S.C. § 1252(b) is equally clear that subsection (b)(9) applies only '[w]ith respect to review of an order of removal.'").

Here, neither party claims there is an order of removal. Thus, § 1252(a)(5) and § 1252(b)(9) do not apply. Whether § 1252(g) strips this Court of jurisdiction depends on the nature of Petitioner's challenge to his detention. Where Respondents argue Petitioner is detained pursuant to § 1225(b) and Petitioner invokes § 1226, Petitioner challenges the underlying statutory basis for his detention pending removal proceedings, which district courts have jurisdiction to hear. *See e.g.*, *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (finding the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings on the basis of § 1226(a) and § 1225(b) arguments). Thus, this Court has jurisdiction to determine the

underlying statutory basis for Petitioner's detention.

### B. Relevant Immigration Statutes

As Respondent correctly points out, the legal issues presented in the Petition concern the statutory authority for ICE's detention of Petitioner under 8 U.S.C. § 1225(b)(2)(A) and whether Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). ECF No. [7] at 1-2. Respondents assert that Petitioner is an "applicant for admission" and is properly detained without bond under § 1225(b)(2)(A). *Id*. at 9-12. The Court agrees that this case is resolved on the interpretation of § 1225(b)(2)(A) and § 1226(a). However, consistent with this Court's prior rulings[1] and the rulings of numerous other courts, the Court concludes that Petitioner is detained pursuant to § 1226(a).

As relevant here, two statutes govern the detention of foreign nationals: 8 U.S.C. §§ 1225 and 1226. Section 1225 governs the inspection, detention, and removal of so-called "applicants for admission." *See* 8 U.S.C. § 1225 *et seq*. Pursuant to the statute, applicants for admission are defined as foreign nationals "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id*. All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

Section 1226 "authorizes the Government to detain certain aliens *already in the country*

---

[1] *See, e.g.*, Order Granting Petition for Writ of Habeas Corpus at 10, *Huerta-Lopez v. Miami Ice Field Office Director, et al.,* No. 26-cv-20165 (S.D. Fla. Mar. 23, 2026), Dkt. No. 8 (finding that the petitioner, who was appended approximately eight years after he entered the United States, was detained pursuant to the authority of 8 U.S.C. § 1226(a) and was entitled to a bond hearing before an immigration judge). The Court adopts and fully incorporates its reasoning in *Huerta-Lopez.*

pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a)[2] provides that when a foreign national has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2.

This Court and numerous other courts have rejected Respondents' argument that foreign nationals already in the country are "applicants for admission" and thus under the purview of §1225(b)'s mandatory detention.[3] Instead, the Supreme Court has treated foreign nationals who, like Petitioner, are already in the United States as being governed by § 1226(a). *See Jennings*, 583 U.S. at 297, 303 (stating that § 1225(b) "applies primarily to aliens seeking entry into the United States" whereas § 1226 "applies to aliens already present in the United States"); *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (distinguishing foreign nationals "who have come to our shores seeking admission" from "those who are within the United States after an entry, irrespective of its legality.").

Here, Petitioner was arrested over 3 years after he entered the United States. ECF No. [7]

---

[2] 8 U.S.C. § 1226(c) requires the Attorney General to take certain categories of foreign nationals into custody pending a removal determination. Neither party argues § 1226(c) applies.

[3] The vast majority of courts have sided against Respondents on this issue. *See Perez v. Parra*, No. 1:25-cv-24820-KMW, Dkt. No. 9 at 6-10 (S.D. Fla. Oct. 27, 2025) (collecting "countless" cases). The Fifth and Eighth Circuits agreed with Respondents' interpretation of the statutes. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Second Circuit recently issued a decision disagreeing with Respondents' interpretation. *See Barbosa Da Cunha v. Freden*, No. 25-3141-pr, slip op. at 2-3 (2d Cir. Apr. 28, 2026) (finding that "[§] 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission and who were not apprehended at or near the border at the time of entry."). The Eleventh Circuit heard oral argument but has not yet ruled on the issue. *See* Oral Argument, *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065 (11th Cir. Mar. 26, 2026); Oral Argument, *Cerro Perez v. Assistant Field Office Dir., et al.*, No. 25-14075 (11th Cir. Mar. 26, 2026).

at 2-3. Petitioner is not an "applicant for admission," and his detention is governed by § 1226(a). Thus, he is not lawfully held under 8 U.S.C. § 1225(b). Accordingly, the Court finds that Petitioner is detained in violation of the laws of the United States pursuant to 8 U.S.C. § 2241.[4] Furthermore, the Court finds that Petitioner is detained pursuant to the authority of 8 U.S.C. § 1226(a) and is entitled to a bond hearing.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.  Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **GRANTED, in part** and **DENIED in part**.

2.  Within seven (7) days of the date of this Order, Respondents must either: (1) provide Petitioner with a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a), at which the Government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or risk of flight; or (2) release Petitioner from custody, under reasonable conditions of supervision.

3.  Respondents are enjoined from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

4.  Respondents must, within 24 hours of the bond hearing, file a status report indicating the

---

[4] Petitioner raises other challenges to his detention. He argues that his detention violates due process because immigration detention is authorized to prevent risk of flight or prevent danger to the community, and Petitioner argues he is neither a flight risk nor a danger. ECF No. [1] at 6. Petitioner also argues that his removal will not occur in the reasonable future. *Id.* Because the Court grants Petitioner's request for a bond hearing to determine whether there is evidence of dangerousness or risk of flight to justify his detention, the Court does not separately address his due process argument. Petitioner also argues that he faces severe hardship while incarcerated. *Id.* at 7. However, Petitioner has not submitted any argument or authority to establish that this hardship makes his detention unlawful to warrant habeas relief. *See generally id.* Moreover, challenging conditions of confinement, not the lawfulness of confinement, is generally not cognizable through habeas relief. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006); *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) (citing *Nelson v. Campbell*, 541 U.S. 637, 644 (2004)).

Case No. 26-cv-22099-BLOOM

outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

5.  The Clerk of Court shall **CLOSE** this case.

6.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 4, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

Counsel of Record

Erik Francisco Leal Hernandez, *Pro Se*
A# 246-385-142
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

8